WILLIAM LAWSON v. CAPITAL CITY CONTRACTING COMPANY, Employer, and MARYLAND CASUALTY COMPANY, Insurer, Appellants.—43 S. W. (2d) 775.

Division One, November 20, 1931.

*Otto & Potter* for appellants.

*Irwin & Bushman* for respondent.

FRANK, J.—This is an appeal from a judgment of the Circuit Court of Cole County, which affirmed an award made by the Workmen's Compensation Commission in favor of respondent. The amount of the award being less than $7,500, we have no jurisdiction unless there is a constitutional question in the case.

The case was first heard by one member of the commission and this hearing was later reviewed by the entire commission. At the beginning of the first hearing the commissioner made the following announcement:

"Gentlemen, I suppose you know the commission has but one rule of evidence, and that is all evidence is admissible at the peril of the parties that offer it, for that reason we entertain no objection to evidence, so therefore, it will be unnecessary to make objections."

Appellants contend here that this ruling of the commissioner was a denial of their right to object to incompetent evidence and deprived them of their property without due process of law in violation of Section 30 of Article II of the State Constitution and paragraph 1 of the Fourteenth Amendment to the Constitution of the United States.

The second reason advanced by appellants in support of their contention that there is a constitutional question involved in this appeal grows out of the following facts. At the time of plaintiff's injuries he was in the employ of the Capital City Contracting Company. That company, pursuant to a contract between it and the Capital City Water Company, was making improvements and additions to the water plant at Jefferson City, in accordance with plans prepared by the J. N. Chester Engineers, a concern of Pittsburg, Pennsylvania. Appellant was in the employ of the Capital City Contracting Company as one of its foremen to oversee this work. He was injured on December 2, 1926, and filed his claim for compensation on May 13, 1928, which was one year, five months and eleven days after the injury. The statute, Section 3337, Revised Statutes 1929, provides that no proceeding for compensation shall be maintained unless a claim therefor be filed with the commission within six months after the injury, or in case payments have been made on account of the injury, within six months from the date of the last payment. There was oral evidence that payments had been made to respondent on account of his injuries. Appellants contend that respondent's claim is barred by limitation because not filed with the commission within six months from the date of the injury, while respondent asserts that his claim is not barred because it was filed within six months from the date of the last payment made to him on account of his injuries. At the hearing before the commissioner, appellants contended 'that the checks by which payments were made to respondent were the

only competent evidence of such payments, and insisted that such checks be filed with the commission in order to determine the amount of each check, to whom it was payable, and by whom and when such payments were made. Finally, at the conclusion of the hearing before the commissioner it was agreed between the parties that L. W. Helmreich, superintendent of the water company, should write to a Mr. Chester of the J. H. Chester Engineers, a concern located at Pittsburg, Pennsylvania, and get the check representing the last payment for November, 1927, and deliver it to the commission, and if such check bore on its face evidence of its own authenticity, the commission might consider it in evidence. Mr. Helmreich got a check and a letter from Mr. Chester stating what the check was given for, and delivered the check and letter to the commission. The record does not show that either the check or letter was introduced in evidence, but in the commissioner's finding of facts, we find the following statement with reference thereto:

"On November 13, 1928, Mr. Helmreich produced cancelled check No. 206 dated November 30, 1927, for $1,550 drawn on the First National Bank of Jefferson City by Capital City Contracting Company to order of the J. N. Chester Engineers, with a statement from Mr. Chester that this check was the last payment made to reimburse the payee for payments made for the maker's account to the employee for his injury."

Appellants make no complaint of the commissioner's consideration of the check, but contend that Chester's letter stating what the check was given for was incompetent. Further contention is made that the agreement between the parties did not authorize the commission to consider the letter, and that its consideration thereof in the absence of appellants or their attorneys and in violation of the stipulation between the attorneys and the commission, and the consideration by the commission of documents not offered in evidence in the absence of attorneys for appellants, deprived appellants of their property without due process of law, in violation of Section 30, Article 2, of the Constitution of Missouri, and paragraph 1 of the Fourteenth Amendment to the Constitution of the United States.

It is familiar law that in order to give the Supreme Court jurisdiction of a case on the ground that constitutional questions are involved, the constitutional questions must be raised at the earliest practical opportunity during the progress of the trial below. The record in this case shows that the constitutional questions now pressed were not raised below until after the circuit court had heard the case and rendered judgment. They first appear in the motion for new trial.

A similar situation was before this court in City of St. Joseph v. Cox, 226 S. W. 871. In that case the board of public works of the

city advertised for bids for certain street improvements, pursuant to an ordinance duly enacted by the city council. The pertinent statutes provided that owners of real estate, abutting on the proposed improvement, might object thereto, and in event such objections were overruled, appeal to the circuit court. Cox owned real estate abutting on the proposed improvement. He objected to the improvement being made on the ground there was no valid ordinance authorizing it. His objections were overruled and he appealed to the circuit court where the cause was tried and decided against him. Then, for the first time, in his motion for new trial he asserted that the statutes under which the city proceeded were unconstitutional. We held his constitutional objection came too late and transferred the case to the Court of Appeals.

In the instant case the record shows that the constitutional questions urged were not raised below until after the circuit court had tried the cause and rendered judgment therein. They first appear in a motion for new trial filed after judgment. There was nothing to prevent appellants from calling the circuit court's attention to these questions in some appropriate manner before that court reviewed the case and rendered judgment therein. Not having done so, there is no constitutional question in the case.

This court is without jurisdiction and therefore transfers the cause to the Kansas City Court of Appeals. All concur.